**FILED**
**Jul 27, 2018**
**02:30 PM(ET)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | | |
|---|---|---|
| **LEONARD MORRISON,** | ) | **Docket No.: 2018-02-0048** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **WALMART,** | ) | **State File No.: 73816-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **NEW HAMPSHIRE INS. CO.,** | ) | **Judge Brian K. Addington** |
| **Insurance Carrier.** | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER DENYING
## TEMPORARY DISABILITY BENEFITS

---

The undersigned conducted an Expedited Hearing on July 19, 2018. The central legal issue is whether Leonard Morrison is likely to succeed at a hearing on the merits in proving entitlement to the requested temporary disability benefits. Based on the evidence, the Court finds that Mr. Morrison failed to present sufficient evidence that he is likely to succeed at a hearing on the merits in proving entitlement to temporary disability benefits.

### Claim History

Mr. Morrison worked as a loader for Walmart. He suffered a back injury when he lifted a safe on September 2, 2017. Greeneville Urgent Care and Dr. Nicholas Grimaldi provided treatment and placed him on light-duty restrictions at various times. Greeneville Urgent Care first restricted Mr. Morrison's work to left-hand work only from September 24 until November 16.

Walmart offered, and Mr. Morrison accepted, temporary alternative duty within his restrictions. Mr. Morrison testified Walmart violated his work restrictions when it caused

1

him to use his right arm to sweep and it did not provide sufficient work hours. By affidavits, Mr. Morrison's supervisors explained that he unilaterally violated his work restrictions, repeatedly asked to go home early, and took unexcused days without calling to report his absences. Mr. Morrison explained he needed time off because he experienced serious pain, which his doctors failed to address.

Due to his pain, Mr. Morrison requested a leave of absence on December 18, 2017. He testified he went to the emergency room, and a physician took him off work for thirteen days, but Mr. Morrison did not produce those records. Walmart denied the leave of absence because it did not have proof a doctor took him off work. Mr. Morrison acknowledged he did not call in to work from late December until he returned to work on January 14, 2018, because he thought he was covered by the leave of absence. However, Walmart's policy requires an employee to call in when a leave of absence is pending, so it terminated him that day.

Dr. Grimaldi initially returned Mr. Morrison to regular duty work on January 8[1] but restricted his work on April 19 to minimal work with his right arm. He released Mr. Morrison without restrictions on May 21.

Mr. Morrison requested all temporary disability benefits for which he was eligible, including the "thirteen-day period" when an emergency room doctor took him off work and the period from his termination until he reached MMI. He argued he was due these benefits because Walmart did not provide sufficient work hours, violated his work restrictions, and he could not work full-time due to pain from his accident.

Walmart denied that it required Mr. Morrison to violate his restrictions. It argued that he was not entitled to any temporary total benefits because a doctor never took him off work and he was not entitled to temporary partial benefits because he self-limited his hours.

### Findings of Fact and Conclusions of Law

To prevail at an expedited hearing, Mr. Morrison must provide sufficient evidence from which this Court can determine that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1).

Mr. Morrison requested temporary disability benefits. There are two kinds: temporary total (TTD) and temporary partial (TPD).

Concerning TTD, an injured worker is entitled to those benefits when he is restricted from work due to the work injury. To receive TTD, an employee must prove (1) total

---

[1] Dr. Grimaldi's records start on this day.

2

disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Constr. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016).

Mr. Morrison did not prove he was totally disabled from work. Instead of providing a work excuse, he testified he could not work due to pain. Thus, he failed to provide an expert medical opinion that causally related his absences to his work injury. Further, other than stating he missed "thirteen days" when his doctor took him off work, he did not provide the specific dates in question in order to prove the period of disability. The Court holds Mr. Morrison is unlikely to succeed at a hearing on the merits in proving entitlement to TTD.

Concerning TPD, an injured worker is entitled to those benefits when he cannot earn his average weekly wage due to work restrictions. Specifically, "[t]emporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Frye v. Vincent Printing Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at *15-16 (Aug. 2, 2016.)

Even though an employee has a work-related injury for which temporary benefits are payable, an employer may still enforce workplace rules. *Jones v. Crencor Leasing and Sales,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *8 (Dec. 11, 2015). Thus, a termination due to a violation of workplace rules may relieve an employer of its obligation to provide TPD benefits, provided the termination was related to the workplace violation. *Id.*

Although Mr. Morrison presented medical proof that his doctors restricted his work activities, the evidence indicates that Mr. Morrison self-limited his working hours and took himself off work. This led to Walmart's decision to terminate him. Mr. Morrison admitted fault when he failed to call in while Walmart determined his leave of absence, even though company policy required him to call. Not one, but several supervisors' affidavits indicated that Mr. Morrison simply chose not to work when he could work with restrictions, and his failure to call to report his absences caused his termination. Under these circumstances, the court holds at this time that Mr. Morrison is not likely to succeed at a hearing on the merits in proving entitlement to temporary partial disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Morrison's request for temporary disability benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on August 29, 2018, at 10:00 a.m. Eastern Time. You must call toll-free at 855-543-5044 to participate in the Hearing. Failure to call may result in a determination of the issues without your participation.

3

**ENTERED JULY 27, 2018.**

_[signature]_

**BRIAN K. ADDINGTON**
**Workers' Compensation Judge**

## APPENDIX

Technical Record:

1. PBD and attachments
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Order Setting Expedited Hearing
5. Motion to Compel Discovery
6. Order Granting Motion to Compel
7. Employer's Response to Expedited Hearing
8. Brief in Response to Expedited Hearing

Exhibits:

1. Mr. Morrison's affidavit.
2. Wage Statement
3. First Report of Injury
4. Employer's Collective Exhibit

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order was sent to the following recipients by the following methods of service on this the 27th day of July, 2018.

| Name | Certified Mail | Via Email | Sent to: |
|------|---------------|-----------|----------|
| Leonard Morrison | X | | 110 East Rollins Street Greeneville, TN 37743 |
| Celeste Watson, Esq. | | X | celeste@cmwatsonlaw.com |

_[signature]_

**PENNY SHRUM**
**CLERK OF THE COURT**
**WC.CourtClerk@tn.gov**

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Filed Date Stamp Here**

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

**List of Parties**

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)
**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20__.


[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | |
|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation     $ _____ per month     Child Support     $ _____ per month

Car     $_____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                            RDA 11082